```
            UNITED STATES DISTRICT COURT
            EASTERN DISTRICT OF VIRGINIA
                 Newport News Division
```

**JOANN WILLIAMS, Executor of the**
**Estate of Peter R. Williams, deceased,**

    **Plaintiff,**

  **v.**                                  **CIVIL ACTION NO. 4:06cv108**

**UNITED STATES OF AMERICA,**

**and**

**EDDIE'S BUS SERVICE, INC.,**

    **Defendants.**

## Opinion and Order

This matter comes before the court on defendant Eddie's Bus Service, Inc.'s ("Eddie's Bus Service") motion to dismiss the cross-claim for indemnification of defendant United States of America ("United States") for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, Eddie's Bus Service's motion is **DENIED**.

### I. Factual and Procedural History

Plaintiff, JoAnn Williams, brought this action as a widow and the executor of the estate of Peter R. Williams ("the decedent"), who died following an automobile accident on September 9, 2004, in Newport News, Virginia. On this date, the decedent was operating an automobile on River Road at or near the intersection of Mercury Boulevard. At the same time and place, Noah M. Braden ("Braden"),

as part of his employment as a Navy enlisted man, was operating a bus, which Eddie's Bus Service owned and leased to the United States. The bus that Braden was driving struck and ran over the decedent's automobile, resulting in the decedent's death.

On August 24, 2006, plaintiff filed her complaint under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), alleging that both the United States and Eddie's Bus Service acted negligently and caused the decedent's death. Plaintiff alleges that the United States is liable for Braden's negligent acts and omissions while driving the bus as part of his employment with the Navy and for its negligent maintenance and use of the bus. In addition, plaintiff contends that Eddie's Bus Service is liable for its negligent maintenance of the bus. Plaintiff specifically argues that the bus was in an "out of service" condition, because it had no power-steering fluid due to a leak in the steering gear box and had a broken main leaf spring in the right front spring assembly. Plaintiff argues that the negligence of the United States and Eddie's Bus Service jointly and severally caused the decedent's death.

On September 27, 2006, Eddie's Bus Service filed an answer to plaintiff's complaint and a cross-claim for contribution against the United States. On November 6, 2006, the United States filed an answer to plaintiff's complaint and a cross-claim for contribution or indemnification against Eddie's Bus Service. On November 17,

2006, Eddie's Bus Service moved to dismiss the United States' cross-claim for indemnification and filed an answer. On November 27, 2006, the United States answered Eddie's Bus Service's cross-claim for contribution, and on November 29, 2006, the United States filed its memorandum in opposition to Eddie's Bus Service's motion to dismiss. Eddie's Bus Service replied on December 4, 2006. This matter is now ripe for review.

## II. Standard of Review

Under Federal Rule of Civil Procedure 12(b)(6), a cross-claim defendant may move the court to dismiss a cross-claim for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint or cross-claim; importantly, this motion "'does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999) (quoting Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992)). When reviewing a cross-claim pursuant to a Rule 12(b)(6) motion, the court must accept well-pleaded allegations as true and must construe the factual allegations in favor of the cross-claimant. Randall v. United States, 30 F.3d 518, 522 (4th Cir. 1994). "Consequently, a motion to dismiss under Rule 12(b)(6) may be granted only when 'it appears beyond doubt that the [cross-claim] plaintiff can prove no set of facts in support of his claim which

would entitle him to relief.'" <u>Chester River Health Sys., Inc. v. HBE Corp.</u>, Civil No. 04-2948, 2006 WL 2563353, *1 (D. Md. Aug. 30, 2006) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)).

### III. Analysis

In its cross-claim, filed pursuant to Federal Rule of Civil Procedure 13(g), the United States argues that if it is liable to plaintiff, Eddie's Bus Service is liable to the United States for contribution or indemnification.[1] United States' Answer and Cross-cl. at 3-4. Although Eddie's Bus Service concedes that a cross-claim for contribution is proper,[2] it contends that the cross-claim for indemnification should be dismissed for failure to state a claim. Cross-cl. Def.'s Mot. to Dismiss at 1. In its memorandum in support of this motion, Eddie's Bus Service specifically argues that the United States failed to sufficiently plead a claim for contractual or equitable tort indemnification. Cross-cl. Def.'s Mem. in Supp. of Mot. to Dismiss at 2-3. First, Eddie's Bus Service notes that there is no contract with an indemnification

---

[1] Rule 13(g) specifically provides that a "cross-claim may include a claim that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant." FED. R. CIV. P. 13(g). The purpose of this rule is to litigate all matters arising out of the same transaction or occurrence in a single proceeding, when possible. Thus, this cross-claim is properly before the court.

[2] Eddie's Bus Service does not move this court to dismiss the United States' cross-claim for contribution; indeed, Eddie's Bus Service has similarly filed a cross-claim for contribution against the United States in this action.

provision at issue in this case on which to base a contractual claim.  Id. at 2.  Next, Eddie's Bus Service argues that an equitable tort indemnification theory cannot stand in this action, because plaintiff's "claims against the United States are clearly and unequivocally founded on allegations of active and primary negligence of its employee[, Braden]."[3]  Id. at 3.  Eddie's Bus Service thus argues that the United States, as an actively negligent party, is barred from asserting equitable tort indemnification.

Eddie's Bus Service, however, ignores the fact that plaintiff has also asserted a claim against the United States for negligently maintaining and putting a defective bus into service.  Because of this particular claim, the United States has asserted the theory that equitable tort indemnification is proper as the trier of fact could determine that Eddie's Bus Service was actively negligent in leasing the defective bus, while the United States was only passively negligent in failing to discover the defect.  Cross-cl. Pl.'s Mem. in Opp'n to Mot. to Dismiss at 2-3.  The United States argues that Eddie's Bus Service was contractually obligated to maintain and provide a bus in a safe operating condition, yet

---

[3] Eddie's Bus Service correctly notes that "if the Court holds that the United States' employee[, Braden,] was independently negligent, such a finding precludes indemnity as a matter of law in the absence of an express, contractual undertaking to the contrary."  Cross-Claim Def.'s Reply Br. in Supp. of Mot. to Dismiss at 4.

failed to do so when it leased a defective bus to the United States. Id. at 2. Because the United States argues that Eddie's Bus Service's breach of duty is evidence of active negligence and primarily caused plaintiff's damages, it claims that its equitable tort indemnification theory is proper. Id. at 2-3.

The Supreme Court of Virginia has held that equitable indemnification is a viable claim. Carr v. Home Ins. Co., 250 Va. 427, 429, 463 S.E.2d 457, 458 (1995). The court expressly stated that "[e]quitable indemnification arises when a party without personal fault, is nevertheless legally liable for damages caused by the negligence of another. Equitable principles allow the innocent party to recover from the negligent actor for the amounts paid to discharge the liability." Id. (citing Md. Cas. Co. v. Aetna Cas. & Sur. Co., 191 Va. 225, 232, 60 S.E.2d 876, 879 (1950); McLaughlin v. Siegel, 166 Va. 374, 377, 185 S.E. 873, 874 (1936)). Furthermore, the court stated that "[a] prerequisite to recovery based on equitable indemnification is the initial determination that the negligence of another person caused the damage." Id. Thus, an equitable indemnification claim "is assertable without an allegation of contractual relationship as long as there is an allegation of negligence on the part of another alleged joint tort feasor." CSX Transp., Inc. v. Titan Am., LLC, No. LS-1717-1, 2004 WL 2999134, *2 (Va. Cir. Ct. Nov. 2, 2004).

Furthermore, the Fourth Circuit and various district courts

have discussed equitable tort indemnification in the federal context. The Fourth Circuit has stated that "indemnity in the law of torts is, of course, the name given to the determination of primary and secondary liability." Wallenius Bremen G.m.b.H. v. United States, 409 F.2d 994, 998 (4th Cir. 1969). "Indemnification is warranted in a case . . . , in which the indemnitor is the 'active' or 'primary' wrongdoer and the indemnitee is the 'passive' or 'secondary' wrongdoer." Yohay v. City of Alexandria Employees Credit Union, Inc., 827 F.2d 967, 973-74 (4th Cir. 1987) (citing White v. Johns-Manville Corp., 662 F.2d 243, 249 (4th Cir. 1981)); see 42 C.J.S. Indemnity § 29. "'Indemnity shifts the entire loss from the person whose fault is passive to the person who . . . is primarily liable.'" Richardson v. Econo-Travel Motor Hotel Corp., 553 F. Supp. 320, 323 (E.D. Va. 1982) (quoting Wallenius Bremen, 409 F.2d at 998); see Goldring v. Ashland Oil & Ref. Co., 59 F.R.D. 487, 489 (N.D. W.Va. 1973). Equitable indemnification has specifically been "allowed where the indemnitee has without fault or only through passive negligence failed to discover . . . a defect in products created or supplied by the [actively negligent] indemnitor." White, 662 F.2d at 249.

In this case, plaintiff alleged that the United States was negligent in its maintenance and use of the bus, and that Eddie's Bus Service was also negligent in its maintenance of the bus, which resulted in the decedent's death and thus damaged plaintiff. As

related to this negligent maintenance claim, the United States alleged in its cross-claim that Eddie's Bus Service breached its duty to maintain and supply a bus in a safe operating condition, which primarily caused plaintiff's damages.  The United States has thus alleged that Eddie's Bus Service is guilty of active negligence, while it's own failure to discover the steering defect constitutes only passive negligence.  The court notes that such a determination of "active-passive" negligence is a question for the trier of fact and thus cannot be resolved at this juncture.  Accordingly, this court finds that Eddie's Bus Service's motion to dismiss is premature.  It is sufficient at this point that the United States has properly pled facts that could establish its cross-claim for equitable tort indemnification.  Therefore, the court **DENIES** Eddie's Bus Service's motion.

### IV. Conclusion

For the reasons stated above, Eddie's Bus Service's motion to dismiss is **DENIED**.  The Clerk is **DIRECTED** to send a copy of the Opinion and Order to counsel for all parties.

**IT IS SO ORDERED.**

                                                            /s/
                                                  Rebecca Beach Smith

Norfolk, Virginia

January 4, 2007